UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CIV-61049
BROWARD DIVISION

GLORIA MELEAN,
        Plaintiff,
vs.

WAL-MART STORES, INC., a foreign for-profit corporation authorized to and doing business in the State of Florida,
        Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Wal-Mart Stores, Inc. ("Walmart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c), Federal Rules of Civil Procedure, files this Notice of Removal removing to this Court the action filed in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, Case No. CACE-21-018755 (03), with full reservation of rights, exceptions and defenses, and in support thereof states:

**I.    Factual Background**

1. On or about October 12, 2021, Plaintiff commenced this action by filing a Complaint for Damages ("Complaint") against Walmart in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida. *See* Complaint attached hereto as **Exhibit "A."**

2. The Complaint was served on Walmart on or about February 8, 2022. *See* Return of Service attached hereto as **Exhibit "B."**

3. In her Complaint, Plaintiff purports to allege claims sounding in negligence against Walmart as a result of injuries she allegedly sustained on or about June 24, 2020, while in the Walmart store located at 401 E Sheridan Street, Dania Beach, Broward County, Florida.

4. The Complaint alleges that Plaintiff was on the premises of the Walmart store when "she tripped and fell on a merchandise dolly cart that was left in one of the main walkways of the Defendants store premises" and that she "suffered serious bodily injury that will continue in the future." *See* Complaint, at ¶¶6-7.

5. Plaintiff alleges, *inter alia*, that Walmart breached duties to Plaintiff to: "keep and maintain its premises in a condition reasonably safe for its intended use and free from all defects and conditions which would render it dangerous and unsafe for Plaintiff, or present an unreasonable risk of harm to her in her lawful use of same"; "exercise reasonable care to protect the Plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of a common area"; "exercise reasonable care to protect the Plaintiff, by inspection and other affirmative acts, from injuries resulting on the premises"; "make safe and protect the Plaintiff from hazardous conditions through a reasonable inspection of said premises"; and "warn the Plaintiff about the dangerous and unsafe conditions existing on said premises." *See* Complaint, at ¶¶8-13. Plaintiff further alleges that, as a result of Walmart's alleged negligence, Plaintiff "suffered losses" and "will suffer the losses in the future." *See* Complaint, at ¶17.

6. At all times material, Plaintiff resided in Hollywood, Broward County, Florida.

7. Defendant, Wal-Mart Stores, Inc., now known as Walmart Inc., is a foreign corporation that maintains its principal place of business in Bentonville, Arkansas. *See* Florida Department of State, Division of Corporations, Name History and Detail by Entity Name attached hereto as **Composite Exhibit "C."**

8. In her Complaint, Plaintiff asserts that her damages exceed $30,000.00. *See* Complaint, at ¶1.

9. On May 3, 2022, Plaintiff responded to Walmart's First Request for Production of Documents to Plaintiff and produced her responsive documents. Receipt of Plaintiff's responsive documents, specifically those delineating Plaintiff's claimed medical expenses, was the first occasion from which Walmart could genuinely ascertain that the case had become removable. Based on such documents, Plaintiff's claimed medical expenses to date are in the amount of $81,941.53, thus exceeding the $75,000.00 jurisdictional threshold for this Court. Redacted copies of Plaintiff's relevant documents are attached hereto as **Composite Exhibit "D."**

10. The threshold requirements for this Court's jurisdiction have been met and the matter is removable based on diversity of citizenship of the parties. The matter is removable based on diversity of citizenship because Plaintiff and Walmart are citizens of different states and the amount in controversy now exceeds $75,000.00, exclusive of interest, attorney's fees, and costs.

11. Venue is proper in this Court because the state court where Plaintiff filed her Complaint, the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, is located within this Court's jurisdiction.

12. All other state court documents are attached as **Composite Exhibit "E."**

13. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. There is Complete Diversity Between the Parties

14. In accordance with 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between— (1) citizens of different States…." This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

3

### a. Citizenship of Walmart

15. For purposes of 28 U.S.C. §§ 1332 and 1441, a corporation is deemed to be a citizen of the state in which it is incorporated and of the state of its principal place of business. 28 U.S.C. §1332(c)(1). Defendant, Wal-Mart Stores, Inc., now known as Walmart Inc., is a Delaware corporation, with its principal place of business in Arkansas. Walmart Inc. is a publicly traded company on the New York Stock Exchange and traded under the symbol WMT. No publicly traded entity owns more than 10% of Walmart Inc.

16. As a result, Walmart is a citizen of only Delaware and Arkansas.

### b. Citizenship of Plaintiff

17. At all times material, Plaintiff was a resident of Broward County, Florida. Although Plaintiff's pleading does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is *prima facie* evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 WL 1532129, at *3 (S.D. Fla. June 1, 2009).

18. Complete diversity thus exists as between the parties, Plaintiff and Walmart.

### III. The Amount in Controversy Requirement Has Been Met

19. The amount in controversy in this matter exceeds $75,000.00. Plaintiff's Complaint does not specify the amount of her damages; rather, she alleges that her damages exceed $30,000.00 (the threshold amount in controversy for Circuit Court under Florida law). However, it is now clear from Plaintiff's documents produced in response to Walmart's First Request for Production of Documents to Plaintiff that her claimed damages exceed the $75,000.00 jurisdictional minimum for this Court. *See* Composite Exhibit "E."

20. Where a complaint seeks indeterminate damages, "removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in

controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 754 (11th Cir. 2010).[1] If satisfaction of the amount in controversy is "not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*. at 754.

**IV.     Removal is Timely**

21.     In accordance with 28 U.S.C. § 1446(b)(3), Walmart filed this Notice of Removal on June 2, 2022, within thirty (30) days of its receipt of Plaintiff's documents responsive to Walmart's First Request for Production. Plaintiff's documents produced in response the discovery request are the first documents served in the litigation which establish that the amount in controversy exceeds the jurisdictional threshold of $75,000.00. Pursuant to § 1446(b)(3), the thirty-day period commenced on May 3, 2022, when Plaintiff furnished documents responsive to Walmart's First Request for Production of Documents to Plaintiff.

22.     The statute governing the procedure for removal of civil actions states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

23.     However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper from which it may first be ascertained that the case is one which is or has become removable**." 28 U.S.C. § 1446(b)(3)

---

[1]     Although *Pretka* involved removal under the Class Action Fairness Act of 2005, the court interpreted and applied the general removal procedures of § 1446. *See id*. at 756 & n.11.

(emphasis added); *see Katz*, 2009 WL 1532129, at *4 (noting "a district court may consider the complaint and **any later received paper** from the Plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand")(emphasis added). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id*, citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2001).

24.     The Eleventh Circuit has explained that a defendant removing a civil action pursuant to § 1446(b)(3) shall demonstrate sufficient facts to "unambiguously establish" that removal is proper. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007)[2]; *see also Pretka*, 608 F.3d at 757-58.  When it is not facially apparent from the complaint that the amount in controversy has been met, a defendant cannot satisfy its burden and "unambiguously establish" removability based on the complaint—rather they must rely on some other document or paper received subsequent to the Complaint. *See Garcia v. Wal-Mart Stores E., L.P.*, 2014 WL 1333208, at *1 (M.D. Fla. Apr. 3, 2014).

25.     Where it is not clear from the face of the complaint that the civil action is removable, the complaint does not start the clock and removal is timely if filed within thirty days of receipt of a subsequent document revealing the case is removable. *See Garcia*, 2014 WL 1333208, at *5. For example, in *Garcia*, a negligence action, plaintiff's complaint only alleged damages in exceeding the state court filing threshold. *Garcia*, 2014 WL 1333208, at *1. Approximately three months later, in response to defendant's request for admissions, plaintiff admitted that her damages exceeded $750,000.00. *Id*. Based upon this admission, the defendant

---

[2]     *Lowery* is also a CAFA case. Like *Pretka*, its holding is not limited to CAFA.

removed the case to federal court pursuant to § 1446(b)(3). Plaintiff argued in her motion to remand that removal was untimely. The court rejected plaintiff's argument because the allegations of the complaint were insufficient for defendant "to intelligently ascertain that the case was removable." *Id*. at *5. Rather, "[i]t was only when Plaintiff admitted in discovery that her claim exceeds $75,000, that defendant could satisfy its burden to show that the amount in controversy is more than $75,000." *Id*.

26. Here, as in *Garcia*, Plaintiff's Complaint merely alleges that this action is one for damages in excess of $30,000.00, the state court jurisdictional limit. *See* Complaint, at ¶1. The other allegations contained in Plaintiff's Complaint lack sufficient facts for Walmart to intelligently ascertain that the amount in controversy had been met and that the case was removable at the time service was perfected. Rather, akin to *Garcia*, it was only on May 3, 2022, when Walmart received service of Plaintiff's documents responsive to Walmart's First Request for Production of Documents to Plaintiff, that it became evident that the action involved damages in excess of $75,000.00 and was thus removable. *See* Composite Exhibit E.

27. Therefore, as the court held in *Garcia*, the facts stated herein and evidence attached hereto sufficiently, conclusively, and unambiguously establish that removal is timely, complete diversity exists, and the amount in controversy exceeds $75,000.00.

V. **Conclusion**

28. Walmart has timely filed this Notice of Removal and meets the jurisdictional requirements for removal. Removal of Plaintiff's underlying state court action is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice of the same to Plaintiff, through his attorney of record, and the Clerk of the Circuit Court.

WHEREFORE, Defendant, Wal-Mart Stores, Inc. respectfully requests this Notice of

Removal be accepted as adequate under federal law, and that Plaintiff's state court action, Case No. CACE-21-018755 (03), on the docket of the Circuit Court of the 17th Judicial Circuit, in and for Broward, Florida, be removed from that court to the United States District Court for the Southern District of Florida, Broward Division, and that this Court assume full and complete jurisdiction over the case, issuing all necessary orders along with any other relief that the Court deems just and proper.

Respectfully submitted,

By:   */s/ Clayton D. Hackney*
     Clayton D. Hackney
     Florida Bar No. 26163
     FASI & DIBELLO, P.A.
     150 S.E. 2nd Avenue, Suite 1010
     Miami, Florida 33131
     Telephone: (305) 537-0469
     Facsimile: (305) 503-7405
     hackney@fasidibellolaw.com
     blakewindhorst@fasidibellolaw.com
     pleadings@fasidibellolaw.com
     *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished this 2nd day of June, 2022, via e-mail to: Brett M. Rosen, Esq. (brosen@goldbergandrosen.com), Kathy Ortega, Esq. (kortega@goldbergandrosen.com) and Angel Leyva, Esq. (angel@goldbergandrosen.com), Goldberg & Rosen, PA, *Attorneys for Plaintiff*, 2 South Biscayne Blvd., Suite 3650, Miami, FL 33131.

By:   */s/ Clayton D. Hackney*