# EXHIBIT "A"

Filing # 136385690 E-Filed 10/12/2021 01:58:01 PM

|  |  |
|---|---|
| GLORIA MELEAN,<br>　　　　Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br>a foreign for-profit corporation<br>authorized to do and doing business<br>in the State of Florida,<br><br>　　　　Defendant.<br>_____/ | IN THE CIRCUIT COURT OF THE<br>17TH JUDICIAL CIRCUIT, IN AND<br>FOR BROWARD COUNTY,<br>FLORIDA<br><br>GENERAL JURISDICTION DIVISION<br><br>CASE No.: CACE21018755 |

## COMPLAINT FOR DAMAGES

**COMES NOW**, the Plaintiff, GLORIA MELEAN, by and through the undersigned attorney, and sues the Defendant, WAL-MART STORES, INC., a foreign corporation, authorized to do and doing business in the State of Florida (herein referred to as WAL-MART), and pursuant to all applicable Rules of Civil Procedure, and alleges as follows:

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00).

2. Upon information and belief, the Defendant is doing business and/or resides in Miami-Dade County, Florida, and did so at all times material hereto.

3. The WAL-MART, store #: 4563, where Plaintiff fell is located at 401 E Sheridan Street Dania Beach, FL 33034.

4. The tortious incident which forms the basis of this complaint occurred on or about June 24, 2020.

## FACTS

5. On June 24, 2020, GLORIA MELEAN was a business invitee at the retail store operated and maintained by WAL-MART., at the above stated location.

6. That on June 24, 2020, as Plaintiff, GLORIA MELEAN, was walking through the store, she tripped and fell on a merchandise dolly cart that was left in one of the main walkways of the Defendant's store premises.

7. As a direct result, GLORIA MELEAN suffered serious bodily injury that will continue in the future.

## COUNT I—PREMISE LIABILITY (NEGLIGENCE)

8. Plaintiff re-alleges and reiterates paragraphs 1 through 7 herein.

6. On or about June 24, 2020, the Plaintiff was a business invitee of the Defendant, at the above stated location.

7. The Defendant failed to maintain a reasonably safe condition by allowing an unattended merchandise dolly cart to remain in an area of high traffic for such a sufficient period of time at Defendant's, WALMART's, abovementioned store that caused the Plaintiff to trip and fall and sustain severe injuries to her person.

8. That it was the duty of the aforesaid Defendant to use ordinary care and diligence to design, build, keep and maintain its premises in a condition reasonably safe for its intended use and free from all defects and conditions which would render it dangerous and unsafe for Plaintiff, or present an unreasonable risk of harm to her in her lawful use of same.

9. That it was the duty of the aforesaid Defendant to exercise reasonable care to protect the Plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable

injury occurring from reasonably foreseeable uses of a common area, an area of high traffic, and an area that the Defendant knew was going to be used by its invitees and employees.

10. That it was the duty of the Defendant to exercise reasonable care to protect the Plaintiff, by inspection and other affirmative acts, from injuries resulting on the premises of the Defendant.

11. That it was the duty of the aforesaid Defendant to make safe and protect the Plaintiff from hazardous conditions through a reasonable inspection of said premises.

12. That it was the duty of the aforesaid Defendant to warn the Plaintiff about the dangerous and unsafe conditions existing on said premises.

13. That the Defendant breached the above duties to the Plaintiff.

14. That the fall and resulting injuries to the Plaintiff was caused by the negligence of the aforesaid Defendant who failed to utilize reasonable care in the inspection and maintenance of said premises.

15. That the aforesaid acts of negligence on the part of the Defendant were the actual and proximate causes of the injury sustained by the Plaintiff on Defendant's premises.

16. As a direct result of her injury, the Plaintiff has been forced to incur substantial medical bills; has suffered severe physical pain, mental suffering and anguish; has suffered permanent injury; has been prevented in the future and will be hindered from attending to her business and personal affairs.

17. As a direct result of the Defendant's negligence, the Plaintiff suffered losses, including but not limited to, bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, activation, aggravation, and/or

acceleration of pre-existing injury, loss of earnings and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE** the Plaintiff, GLORIA MELEAN, demands judgment against the Defendant, WAL-MART, for damages, costs of this action, and other further and equitable and legal relief as this Court may deem appropriate, along with a trial by jury on all issues so triable.

## COUNT II—NEGLIGENT MODE OF OPERATION

18. Plaintiff re-alleges and reiterates paragraphs 1 through 4 herein.

19. That on or about June 24, 2020, the Plaintiff, GLORIA MELEAN, was a business invitee at Defendant's, WAL-MART, store at the above stated location.

20. Defendant, WAL-MART, owned and was in control of the premises and through its employees, agents, and/or managers allowed an unattended merchandise dolly cart to obstruct the store walkways. As a result of the merchandise dolly cart obstructing the walkway, the Plaintiff was caused to trip and fall and suffer severe injuries.

21. Defendant, WAL-MART, owed the Plaintiff a duty to reasonably anticipate that the dangerous condition could arise as a result of its mode of operation within the area the Plaintiff fell.

22. Defendant, WAL-MART, had a duty to exercise reasonable care that extended to taking actions to reduce, minimize, or eliminate foreseeable risks before they manifest themselves as particular dangerous conditions on the premises, specifically by not allowing an unattended merchandise dolly cart to remain on the premises.

23. Defendant, WAL-MART, breached said duty when it failed to implement a mode of operation that would reduce, minimize, or eliminate the foreseeable risk of harm to the Plaintiff.

24. As a direct and proximate result of the Defendant's failure to implement a safe mode of operation, the Plaintiff, GLORIA MELEAN, fell and suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and activation, aggravation, and/or acceleration of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE** the Plaintiff, GLORIA MELEAN, demands judgment against the Defendant, WAL-MART, for damages, costs of this action, and other further and equitable and legal relief as this Court may deem appropriate, along with a trial by jury on all issues so triable.

Dated this 12th day of October, 2021.

**GOLDBERG & ROSEN, P.A.**
*Attorneys for Plaintiff(s)*
2 South Biscayne Blvd, Suite 3650
Miami, Florida 33131
Tel: (305) 374-4200
Fax: (305) 374-8024

*/s/ Kathy Ortega*
BY_____
Brett M. Rosen, Esq., Fla. Bar No. 0044859
Kathy Ortega, Esq., Fla. Bar No. 119935
Primary E-mail: pleadings@goldbergandrosen.com
Secondary E-mail: brosen@goldbergandrosen.com;